GLEN WALTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walton v. Commissioner
Docket No. 13776-79.
United States Tax Court
T.C. Memo 1981-93; 1981 Tax Ct. Memo LEXIS 649; 41 T.C.M. (CCH) 1001; T.C.M. (RIA) 81093; February 26, 1981. *649 Glen Walton, pro se. Benjamin A. DeLuna, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
For the year 1977, respondent determined the following deficiency and additions to tax: Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
$ 46,762
$ 11,690
$ 2,338
At the time petitioner filed a petition in this case, he resided in Akron, Colorado. The petitioner submitted a signed Form 1040 which contained the word "Object" or the abbreviation "Obj" in every space or box. No amount of taxable income or income tax liability was listed. Respondent did not accept this document as an income tax return. On June 28, 1979, respondent mailed a statutory notice of deficiency to petitioner. Petitioner filed a petition with this Court on September 17, 1979, and an amended petition on November 19, 1979. The entire record, which includes the pleadings, various documents and the transcript *650 of a hearing held in Denver, Colorado, indicates that petitioner has advanced a number of constitutional, statutory and jurisdictional arguments concerning the constitutionality of the income tax laws, the constitutionality of the legal tender laws and the jurisdiction of this Court. Rule 121 provides that summary judgment shall "be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." All of petitioner's constitutional and jurisdictional contentions have been fully considered by this and other courts; [2] these arguments offer no support insofar as any attack on respondent's determinations in the statutory notice is concerned. Petitioner has not alleged any facts to show that respondent erred in making any of the determinations contained in the deficiency notice. Based on the entire record we believe respondent has established that there is no genuine issue as to any material fact. Accordingly, respondent's motion for summary judgment is hereby granted. *651 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. See, e.g., the cases cited in Bowser v. Commissioner,T.C. Memo 1980-483; Hergott v. Commissioner,T.C. Memo 1980-283; Brobeck v. Commissioner,T.C. Memo 1980-239↩.